## Eva BARBARO

### v.

## The OLD LINE LIFE INSURANCE COMPANY OF AMERICA.

### Civ. A. No. 91–4296.

United States District Court,
E.D. Pennsylvania.

Feb. 18, 1992.

David R. Dautrich, Reading, Pa., for plaintiff.

Charles T. Roessing, William D. Kennedy, White and Williams, Paoli, Pa., for defendant.

### MEMORANDUM ORDER

BECHTLE, Chief Judge.

AND NOW, TO WIT, this 18th day of February, 1992, upon consideration of defendant's motion for judgment on the pleadings with respect to plaintiff's allegations of bad faith, IT IS ORDERED that defendant's motion is *granted*. Judgment is entered in favor of defendant and against plaintiff on plaintiff's claims of bad faith.

Plaintiff, Eva Barbaro, commenced this action against the Old Line Life Insurance Company of America ("Old Line") for breach of contract and bad faith stemming from Old Line's refusal to pay the proceeds of an insurance policy taken out by her husband to which she was the beneficiary. Defendant refused to make payment on the ground that plaintiff's husband made material misrepresentations in the application for the policy. Plaintiff's bad faith claims were brought pursuant to 42 Pa.Cons.Stat. Ann. § 8371.

After the Pennsylvania Supreme Court rejected a cause of action for insurer bad faith upon the belief that it was within the province of the legislature to do so, *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 494 Pa. 501, 431 A.2d 966 (1981), the Pennsylvania legislature enacted 42 Pa.Cons.Stat.Ann. § 8371 (1990). That section provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following action:
>
> (1) Award interest on the amount of the claims from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

*Id.* The effective date of § 8371 was July 1, 1990. Defendant seeks judgment on the pleadings on the ground that defendant's alleged bad faith, as plead by plaintiff, occurred prior to the effective date. Without denying that defendant's refusal to honor plaintiff's claim occurred before July 1, 1990, plaintiff, relying on *Liberty Mut. Ins. Co. v. Paper Mfg. Co.*, 753 F.Supp. 156 (E.D.Pa.1990), maintains that an action for bad faith still lies due to defendant's fail-

ure to "efficiently, effectively and professionally" manage plaintiff's claim after the effective date of § 8371. In *Liberty*, an insured brought a counterclaim pursuant to § 8371 against an insurer alleging that the insurer engaged in bad faith towards it. The insurer moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the alleged improper conduct occurred before the statute's effective date. The court, after concluding that the statute should not be applied retroactively, granted the motion to dismiss with respect to conduct that occurred before July 1, 1990, but ruled that "Liberty's 'failure to efficiently, effectively, and professionally manage the outstanding claims continues to date'" and forms a basis for a cause of action under § 8371. *Id.* at 159–60 (citing Dft.'s mem. in opp. at 8–9). The persuasiveness of this holding is limited in that the opinion does not delineate what actions undertaken by the insurer constituted "ongoing conduct," or what were the "outstanding claims" which the court determined to be actionable. Notwithstanding any ambiguity as to the breadth of *Liberty's* holding, several courts have squarely held that when a refusal to provide coverage is made before the effective date of the statute, "[t]he fact that the alleged failure to timely pay continued after the effective date of § 8371 does not bring the claim within the purview of the statute. To hold otherwise would be to suggest that with each day of refusal is created a new and independent tort. The continued alleged bad faith acts are merely acts arising from the original claim of denial of coverage." *McGrath v. Federal Ins. Co.*, 1991 WL 185247, 1991 U.S. Dist. LEXIS 13026 (E.D.Pa.1991). *See also Shamusdeen v. The Hartford Ins. Co.*, 1991 WL 108675, 1991 U.S. Dist. LEXIS 8112 (E.D.Pa.1991); *Sutton v. The Home Ins. Co.*, 1991 WL 16635, 1991 U.S. Dist. LEXIS 1640 (E.D.Pa.1991); *Wazlawick v. Allstate Ins. Co.*, 1990 WL 294273, 1990 U.S. Dist. LEXIS 15986 (E.D.Pa.1990).

The court finds this rationale persuasive. In the present case, plaintiff's entire cause of action originated from Old Line's denial of coverage which occurred before the ef-

fective date of the statute. Absent any allegation in the complaint that, after July 1, 1990, Old Line engaged in conduct amounting to bad faith independent of its initial denial of coverage, defendant's motion must be granted.